J-S05012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONNA M. BREZNAY, | |
| Appellant | No. 1111 MDA 2016 |

Appeal from the Judgment of Sentence Entered June 1, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0003780-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 17, 2017**

Appellant, Donna M. Breznay, appeals from the judgment of sentence of 27 to 54 months' incarceration, imposed after she pled guilty to one count of possession of a controlled substance by an inmate, 18 Pa.C.S. § 5123(a.2).  Appellant seeks to raise one issue challenging the discretionary aspects of her sentence.  Additionally, her counsel, Ferris P. Webby, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant pled guilty to the above-stated offense on March 14, 2016. After a presentence report (PSI) was prepared, the court sentenced her on June 1, 2016, to the term of incarceration stated *supra*. Appellant did not file a post-sentence motion. Instead, she filed a timely notice of appeal on June 27, 2016. The court then ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On July 12, 2016, Appellant's counsel - who at that time was Amanda M. Young, Esq., of the Public Defender's Office of Luzerne County - filed a Pa.R.A.P. 1925(c)(3) statement of her intent to file an **Anders** brief and petition to withdraw. The trial court nonetheless issued a Rule 1925(a) opinion on September 22, 2016.

On November 3, 2016, Attorney Webby - also a member of the Public Defender's Office of Luzerne County - entered his appearance with this Court on Appellant's behalf. On November 28, 2016, he filed with this Court a petition to withdraw from representing Appellant. He also filed an **Anders** brief, asserting that Appellant's sentencing issue is frivolous, and that there are no other, non-frivolous issues that counsel could assert on appeal. Consequently,

> [t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Webby's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's sentencing claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons

for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Webby states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attaches a letter directed to Appellant in which he informs her of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's sentencing issue is frivolous, and to ascertain if there are any other, non-frivolous issues she could pursue on appeal.

According to Attorney Webby, Appellant seeks to argue "that the trial court should have imposed a lighter sentence due to her cooperation, handicap, and involvement in prison programs." *Anders* Brief at 3. Appellant's claim is a challenge to the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are

- 4 -

generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 912–13.

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal. However, our review of the record confirms that she failed to preserve this claim orally at the time of her sentencing hearing, or in a written post-sentence motion. Accordingly, the issue Appellant seeks to raise on appeal is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (directing that issues challenging the discretionary aspects of sentence must be raised in post-sentence motion or orally during sentencing proceedings; "[a]bsent such efforts, an objection to a discretionary aspect of a sentence is waived).

Nevertheless, even had Appellant properly preserved her claim below, we would conclude that her sentencing claim is frivolous. Initially, as Attorney Webby points out, "an allegation that the sentencing court did not consider certain mitigating factors does not raise a substantial question."

*Anders* Brief at 4 (quoting *Commonwealth v. McNabb*, 819 A.2d 54, 57 (Pa. Super. 2003)); *see also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[A]n allegation that a sentencing court 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate.") (citations omitted).[1]

Additionally, even if Appellant's claim did amount to a substantial question for our review, we would ascertain no abuse of discretion in the court's decision to impose the term of incarceration that it did. *See McNabb*, 819 A.2d at 55 ("Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion."). The trial court had the benefit of a PSI and, thus, "we can assume the sentencing court 'was aware of relevant information regarding [Appellant's] character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citations omitted). Moreover,

---

[1] We note that Attorney Webby did not set forth a Rule 2119(f) statement in his *Anders* brief. However, the Commonwealth did not file a brief in this case and, therefore, it has not objected to that omission. *See Commonwealth v. Brougher*, 978 A.2d 373, 375 (Pa. Super. 2009) (declining to find waiver of a discretionary sentencing issue where the Commonwealth did not object to the appellant's omission of a Rule 2119(f) statement). Moreover, this Court has previously held that we may ignore the omission of a Rule 2119(f) statement in cases where counsel is seeking leave to withdraw. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (citation omitted).

at the sentencing hearing, defense counsel stressed that Appellant

"cooperated from the start," and Appellant informed the court that she was

participating in various programs while incarcerated, including drug and

alcohol therapy. N.T. Sentencing, 6/1/16, at 3, 5. Appellant also told the

court that she is handicapped, and the court noted that she was "in a

wheelchair the last time [she was] before the court." *Id.* at 5.[2]

After Appellant's statements to the court, it offered the following

explanation for the sentence it imposed:

> THE COURT: All right. The Court has had an opportunity to review the [PSI] and what's been offered here in court today.
>
> Again, [Appellant] does have a number of priors going back to approximately 1988 or '89, again which indicate that she's been involved in the system before and has had ample opportunity to reform her ways but has not done so.
>
> Again, also, considering the serious nature of this offense being a Felony, the Court noting the applicable guideline ranges in the standard range being 24 to 30 months, the Court, also considering the age and health of [Appellant], and I do take note that she is serving a revocation sentence, which arose because of this incident, I do feel a sentence to a [s]tate correctional institution for a period of incarceration to allow her to avail herself of the programs and attempt to reform her ways is appropriate and, also, appropriate so as to not diminish the serious nature of this offense[.] [T]he Court, therefore, is going to sentence [Appellant] on Count 1 within the standard range of the guidelines to a minimum of 27 months to a maximum of 54 months' incarceration….

---

[2] Appellant waived her right to appear in person at the sentencing hearing, so she was participating via video conference. *See* N.T. Sentencing at 3, 4.

*Id.* at 6-7. The court also directed that Appellant's sentence run concurrently with the sentence she was serving at that time.

In light of this record, we would ascertain no abuse of discretion in the court's decision to impose a concurrent, standard range sentence. Again, the court reviewed the PSI and considered the totality of the circumstances in Appellant's case, including the mitigating factors she cites on appeal. The court stated sufficient reasons on the record to support the sentence it imposed, including Appellant's lengthy criminal history, the seriousness of her offense, and her need for further rehabilitation, which she was receiving through her participation in prison programs. Consequently, we agree with Attorney Webby that the sentencing issue Appellant seeks to raise on appeal is frivolous. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could assert herein. Accordingly, we grant Attorney Webby's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2017